FILARDI, DEMANDANTE Y APELADO, *v.* BARREDA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 1385.—Resuelto en julio 21, 1916.

DAÑOS Y PERJUICIOS—APRECIACIÓN DE LA PRUEBA.—Cuando al apreciar el montante de los daños causados la corte da crédito a la declaración del demandante sin que la parte contraria presentara prueba alguna en contra de aquel valor, ni impugnara la veracidad de dicha declaración, tal apreciación será sostenida.

ID.—CUANTÍA DE LOS DAÑOS—PARTIDAS QUE LA DETERMINAN—IMPUGNACIÓN.—Condenado el demandado a pagar al demandante una determinada suma de dinero en concepto de daños y perjuicios, sin precisarse en la sentencia las partidas que la determinan, para poder apreciar si aquella cuantía es excesiva, debe impugnarse en su totalidad y no por partidas.

ID.—NEGLIGENCIA—PRUEBA CONTRADICTORIA—CONFLICTO DE PRUEBA.—Si existe contradicción en la prueba con respecto a la negligencia, y el juez inferior resuelve el conflicto en pro del demandante, para rechazar su apreciación es necesario que se demuestre que hubo pasión, prejuicio, parcialidad, o error manifiesto.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Sabater* y *Frank Martínez.*

El apelado no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La acción entablada en el presente caso ante la Corte de Distrito de Ponce tiene por objeto obtener el demandante del demandado la suma de $6,800 por indemnización de daños y perjuicios causados a aquél con motivo de un accidente ocurrido en la carretera de Yauco a Sabana Grande, chocando la motocicleta del demandante con el automóvil del demandado, cuyo choque produjo la fractura de la tibia de la pierna izquierda del demandante.

Celebrado el juicio la corte dictó sentencia en 5 de junio de 1915 por la que declara que la ley y los hechos están a favor del demandante y en contra del demandado, y en su consecuencia condena al demandado Henry H. Barreda a satisfacer al demandante Juan B. Filardi en concepto de indemnización de daños y perjuicios la suma de $900, sin especial condenación de costas.

En la opinión que sirve de fundamento a la sentencia se establecen como resultado de la evidencia aportada al juicio por ambas partes, las siguientes conclusiones de hecho que a continuación transcribimos literalmente:

"El día 9 de diciembre de 1913 el demandante Juan B. Filardi iba montado en una motocicleta por la carretera que conduce de Yauco a Sabana Grande, como entre 9 y 10 de la mañana, y en dirección contraria, o sea, viniendo de Sabana Grande hacia Ponce, venía el demandado Henry H. Barreda guiando personalmente un automóvil de su propiedad. Allá por el kilómetro 34 de dicha carretera, y al doblar una curva, de súbito se encontraron frente a frente, y a corta distancia, los dos vehículos. El demandante montado en su motocicleta y subiendo la cuesta trató de desviarse lo más posible hacia su derecha para evitar el choque, y el demandado Henry H. Barreda, guiando su automóvil y bajando la referida cuesta corriendo por el centro de la carretera, al ver acercarse la motocicleta se turbó, y en vez de tomar su derecha en la carretera, desvió su automóvil hacia su izquierda, que era la derecha de la motocicleta que subía en dirección contraria, chocando ambos vehículos, quedando destrozada en gran parte la motocicleta, y habiendo experimentado el demandante Juan B. Filardi la ruptura de la tibia de la pierna izquierda

al recibir un golpe en la misma y en el momento del choque, con el botavaca o con el radiador del automóvil.  Se ha probado, además, satisfactoriamente, que a consecuencia del choque mencionado el demandante Filardi tuvo necesidad de asistencia médica durante dos meses y medio próximamente, sin poder durante ese tiempo caminar y dedicarse a sus ocupaciones habituales como contratista de obras, sufriendo con motivo de la lesión recibida fuertes dolores y ansiedad mental.

"Se ha probado satisfactoriamente que la motocicleta del demandante, que valía $275, después de destrozada fué vendida solamente en $25, habiendo perdido dicho demandante una suma de $250. También aparece probado que el demandante pagó al Sr. Gatell por asistencia médica $125, con más $14 por medicinas.  También aparece probado, apreciando debidamente toda la evidencia presentada en el caso, en relación con lo alegado en el hecho segundo de la demanda, que el demandante estuvo impedido de dedicarse a sus ocupaciones habituales próximamente dos meses y medio, y que tuvo que emplear a un hermano suyo, nombrado Domingo Filardi, para que atendiera a las obras del acueducto de Arroyo de que entonces era rematista el dicho demandante, habiendo pagado a su hermano por tales atendencias, la suma de $100 mensuales que en dos meses y medio ascienden a la de $250."

En vista de esos hechos, llegó la corte a la conclusión legal de que el accidente motivo del pleito ocurrió por culpa o negligencia del demandado Henry H. Barreda, y que éste, por tanto, está obligado a indemnizar el daño causado, consignando expresamente en su opinión que al fijar el montante de la indemnización tomaba también en cuenta los sufrimientos mentales y físicos que se ha probado experimentó el demandante con motivo del accidente.

En su alegato escrito ante esta Corte Suprema, la representación del demandado y apelante señala como motivos del recurso los siguientes:

1º. Que la corte inferior erró al apreciar el montante de los daños causados.

2º. Que también erró la corte inferior al declarar que el demandado fué culpable de negligencia.

Para sostener el primer error alega la parte apelante

que la diferencia entre la suma de $275 que dice el deman-
dante valía la motocicleta y el precio de $25 en que la vendió
después del accidente, no puede servir de base a un cálculo
justo y equitativo para fijar la cuantía del daño sufrido, pues
lo que valía para Filardi $25 podía valer para otro mayor
cantidad, y además la motocicleta tenía cinco meses de uso
en poder del demandante cuando ocurrió el accidente.

Nos parece que habiendo dado crédito la corte a la decla-
ración del demandante Filardi, cuya veracidad no fué impug-
nada por la parte contraria, es necesario admitir que la
bicicleta costó a Filardi $275 y con motivo del daño que sufrió
hubo de venderla por $25, colocándose en la situación de tener
que desembolsar $250, si quería hacerse de otra igual y en
buenas condiciones para el servicio. Ese desembolso era
consecuencia del accidente, y si a la parte apelada parecía
exagerado pudo suministrar en el juicio la prueba necesaria
para demostrarlo, no habiendo ejercitado semejante derecho.

También alega la parte apelante que acerca del pago de
la suma de $250 por el demandante a un hermano suyo para
que lo sustituyera en los trabajos que tenía que prestar con
motivo de un contrato celebrado con el municipio de Arroyo,
durante dos meses y medio a razón de $100 mensuales, no
existe más prueba que la declaración del demandante, sin
haberse demostrado si ese pago era proporcionado con la
importancia de los trabajos, como era necesario, pues no
sería justo y equitativo que el demandante pagara lo que
quisiera a su hermano por razón del parentesco o por otra
causa cualquiera y que el demandado viniera obligado al rein-
tegro de lo pagado.

Repetimos lo que ya dijimos anteriormente. El juez dió
crédito a la declaración del demandante corroborada por la
de su hermano, sin que el demandado impugnara la veracidad
de uno y otro testigo, ni tratara de demostrar que el precio
no guardaba proporción con los trabajos.

Aun más, en la sentencia se condena al demandado a pagar
al demandante la suma de $900 en concepto de indemniza-

ción de daños y perjuicios, teniendo en cuenta para fijar esa suma no solamente el daño causado en la motocicleta y la suma pagada por el demandante a su hermano para que lo sustituyera en trabajos que él había de prestar al municipio de Arroyo, sino también los pagos hechos por asistencia médica y medicinas, y los sufrimientos a que estuvo sujeto el demandante con motivo de la lesión sufrida y fuertes dolores y ansiedad mental que hubo de experimentar. En dicha sentencia se ha fijado cuantía determinada de indemnización sin precisar las partidas que la determinan, y opinamos que para poder apreciar si aquella cuantía es excesiva debe impugnarse en su totalidad y no por partidas. Ya hemos dicho repetidas veces que el recurso de apelación se da contra la sentencia y no contra sus fundamentos. La indemnización decretada no nos parece excesiva.

En cuanto al segundo motivo del recurso, o sea, al error cometido por declarar al demandado culpable de negligencia, hubo contradicción en la prueba, habiendo el juez sentenciador resuelto el conflicto en pro del demandante, y para ir contra su apreciación habría de demostrársenos que obró con pasión, prejuicio o parcialidad, o incurrió en manifiesto error, lo que no se ha hecho en el presente caso. La misma parte apelante en el acto de la vista se limitó a sostener el recurso por el primer fundamento y no por el segundo.

Aceptadas las conclusiones de hecho establecidas por el juez inferior, surge clara la consecuencia legal de que el demandado incurrió en la sanción que marca el artículo 1803 del Código Civil, según el cual ''el que por acción u omisión causa daño a otro interviniendo culpa o negligencia, está obligado a reparar el daño causado.''

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.